**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MUWSA GREEN,** Petitioner, | : | **CIVIL ACTION** |
| v. | : | |
| **BRIAN D. COLEMAN, et al.,** Respondents. | : | **NO. 11-1130** |

**MEMORANDUM OPINION**

**RUFE, J.** **February 29, 2012**

Before the Court are Petitioner Muwsa Green's Objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Lynne A. Sitarski. For the reasons that follow, the Court will overrule Petitioner's Objections, approve and adopt the Report and Recommendation, and deny the Petition for *habeas corpus* relief.

## I. BACKGROUND

Petitioner seeks relief from a lengthy sentence of imprisonment imposed by the Honorable Gwendolyn N. Bright of the Court of Common Pleas of Philadelphia County. The sentence and conviction arise out of two separate incidents consolidated by the trial court. The first occurred on October 27, 2007, when, while incarcerated for another crime, Petitioner forced another male prisoner to perform oral and anal sex. The second occurred on November 4, 2007, when Petitioner assaulted a sixteen-year-old girl before raping her four times. Petitioner pled guilty to two counts of deviate sexual intercourse, one count of terroristic threats, and two counts of simple assault with respect to the first incident, and to robbery, rape, carrying a firearm without a license, and simple assault with respect to the second.

On December 5, 2008, Petitioner was sentenced in both cases. Petitioner did not file a direct appeal of the sentences. However, on April 9, 2009, pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA"),[1] Petitioner filed a *pro se* petition for relief with the Philadelphia Court of Common Pleas. The PCRA Court appointed counsel who, on May 24, 2010, filed a Finley letter asserting that the petition lacked merit.[2] On July 21, 2010, the PCRA Court sent Petitioner notice of its intent to dismiss the petition, attaching the Finley letter. Petitioner filed a response to the Finley letter on July 27, 2010. By order, the PCRA Court dismissed the petition as meritless on September 16, 2010. Petitioner did not file an appeal to the Superior Court of Pennsylvania. Petitioner did, however, file a "Motion to Compel the Common Pleas Court to Rinder [sic] and [sic] on a Sentencing Matter, etc." and a "Motion in Preaecipe [sic] Commanding the Lower Court of Common Pleas to Descend an Opinion Under Praecognita" in the Superior Court, both of which were denied for lack of jurisdiction.

Petitioner filed his Petition for Writ of Habeas Corpus in this Court on February 11, 2011,[3] and filed an Amended Petition on March 21, 2011.[4] The case was referred to Magistrate Judge Sitarski for an R&R. On August 26, 2011, Judge Sitarski filed an R&R finding that Petitioner had failed to exhaust his state court remedies and recommending that the Petition be

---

1 42 Pa. C.S.A. § 9541 *et. seq.*

2 Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. Ct. 1988).

3 Doc. No. 1.

4 Doc. No. 5.

denied.[5] Petitioner has filed objections and supplemental objections to the R&R.[6]

Petitioner advances four arguments in support of his contention that the Court should not approve and adopt the R&R and should instead grant his Petition. First, he claims he never received a copy of the September 16, 2010 PCRA dismissal order, which prevented him from presenting his claims on collateral review. Second, he argues that a subsequent PCRA petition would not be time-barred. Third, Petitioner asserts that he can overcome his procedural default because he was mentally incompetent at the time he entered his guilty plea. Finally, he submits that he never received the notice from the PCRA Court as required by Pennsylvania Rule of Criminal Procedure 907.

## II. LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[7] "a district court shall entertain an application for writ of habeas corpus [filed on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[8] Where, as here, the habeas petition is referred to a magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), a district court conducts a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept,

---

5 Doc. Nos. 40, 41.

6 Doc. Nos. 45, 46, 51. In addition, Petitioner has filed three documents which, although titled as motions, advance substantive arguments regarding the merits of the Petition. See Doc. Nos. 28, 36, 37. The Court construes these "motions" as memoranda in support of the Petition and considers the arguments raise in the memoranda in addressing the merits of the Petition.

7 28 U.S.C. § 2254.

8 28 U.S.C. § 2254(a).

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[9]

## III. Discussion

The PCRA requires that a petitioner exhaust his available state court remedies before filing suit in federal court.[10] Title 28, United States Code, Section 2254 provides in relevant part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Exhaustion "requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."[11] A state prisoner "fairly presents" his claims by invoking "one complete round of the State's established appellate review process."[12] In Pennsylvania, exhaustion entails

---

[9] 28 U.S.C. § 636(b)(1).

[10] Houck v. Stickman, 625 F.3d 88, 93 (3d Cir. 2010).

[11] Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)) (internal quotation marks omitted).

[12] O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

presenting one's claims to the Superior Court on direct appeal or collateral review.[13]

Here, Petitioner did not fairly present any claims or invoke appellate review in state court. Petitioner did not file a direct appeal of his guilty plea and sentence and, although he later filed a PCRA petition, he failed to appeal the dismissal of that petition to the Superior Court. Petitioner claims that he never received a copy of the September 16, 2010 dismissal order and therefore, could not present his claims to the Superior Court on collateral review. However, this claim is without merit. In support of the instant Petition, Petitioner submitted two letters addressed from the Pennsylvania Superior Court to Petitioner, enclosing the Superior Court's orders. The letters, dated December 14, 2010 and February 3, 2011, advise Petitioner that the Superior Court received his motions requesting that the court order the PCRA Court to issue an opinion explaining the September 16 dismissal; the orders deny the requests for lack of jurisdiction. These letters show that Petitioner was not only aware of the dismissal order but also disagreed with it. Petitioner's failure to present his claims to the Superior Court was not a result of his ignorance of the dismissal order. Petitioner has therefore failed to exhaust his state court remedies.

Magistrate Judge Sitarski recommended that exhaustion be excused here as futile, because the time for filing an appeal in state court has passed. Petitioner objects to this finding. "The exhaustion requirement does not apply . . . in cases where the state courts would not consider the unexhausted claims because they are procedurally barred."[14] However, "[t]he mere

---

[13] See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004) (citing In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000) ("Order No. 218")).

[14] Slutzker v. Johnson, 393 F.3d 373, 380 (3d Cir. 2004).

existence of a state procedural rule which would appear to bar relief is not . . . sufficient to avoid the exhaustion requirement. . . . if there is any likelihood that the state courts would consider the merits of a petitioner's unexhausted claim, the federal courts should dismiss his petition and allow him to seek relief in state courts."[15] Here, it is certain that the Pennsylvania courts would not entertain Petitioner's claims.

The PCRA provides that collateral appeals must be filed within one year of the date the judgment of conviction becomes final.[16] Where, as here, a petitioner fails to file a direct appeal, the judgment becomes final at the expiration of the time for filing a direct appeal.[17] Petitioner's judgment became final on January 4, 2009, thirty days after he was sentenced, when the time for filing a direct appeal expired. Consequently, Petitioner had until January 5, 2010 to file a subsequent PCRA petition. As this date has long since passed, any newly filed PCRA petition would be time-barred.

The period for filing a PCRA petition is not subject to equitable tolling and can only be extended only by operation of a statutorily enumerated exception.[18] "[T]he PCRA confers no authority upon [any Pennsylvania] Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act."[19] Since none of the

---

[15] Id.

[16] 42 Pa. C.S.A. § 9545(b)(1).

[17] 42 Pa. C.S.A. § 9545(b)(3).

[18] Slutzker, 393 F.3d at 380 (citing Commonwealth v. Cruz, 852 A.2d 287, 292 (2004).

[19] Id. (citing Commonwealth v. Robinson, 837 A.2d 1157, 1161 (2003)).

statutory exceptions apply here,[20] Petitioner cannot bring his claim in state court and his failure to exhaust is excused under 28 U.S.C. § 2254(b)(1)(B).

Although the failure to exhaust is excused, Magistrate Judge Sitarski concluded that the doctrine of procedural default nonetheless bars the Petition.[21] Where a petitioner has defaulted on his claims, a federal court may not review his petition unless he can show cause for the default and actual prejudice resulting therefrom.[22] Magistrate Judge Sitarski found that Petitioner failed to demonstrate cause and prejudice. Petitioner objects, arguing that he can overcome his procedural default here based on his claim that he was mentally incompetent at the time he entered his guilty plea.

"To demonstrate cause for procedural default, the petitioner must show that 'some objective factor external to the defense impeded [his] efforts to comply with the State's

---

[20] A PCRA petition must be filed within one year of the date the judgment becomes final, unless the petitioner alleges and proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa. C.S.A. § 9545. Here, Petitioner has neither alleged nor proven the applicability of these exceptions.

[21] The doctrine traditionally "'applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement.' The *raison d'être* for the doctrine lies in the fact that a state judgment based on procedural default rests on independent and adequate state grounds." Slutzker, 393 F.3d at 381 (quoting Coleman v. Thompson, 501 U.S. 722, 729-30 (1991)) (internal quotation marks omitted). While the Supreme Court initially applied the doctrine in a case in which the state court actually had declined to hear the petitioner's claims, the Third Circuit has since applied the doctrine in "a case in which the state court certainly *would have* declined to hear those claims [because such a case] raises identical procedural default issues." Id. at 381 n.6.

[22] Coleman, 501 U.S. at 750.

procedural rule.'"[23] To show prejudice, a petitioner must show "not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."[24] A petitioner must satisfy both prongs for procedural default to be excused. Here, Petitioner has failed to demonstrate cause for his default.

First, Petitioner's contention that he was "mentally incompetent" at the time of his plea does not explain his failure to comply with Pennsylvania's procedural requirements for post-conviction relief. Even assuming Petitioner was mentally incompetent at the time of his plea, he was apparently able to file the PCRA petition, was appointed counsel in connection with a PCRA petition, was able to request a written opinion after the denial of the PCRA petition, and was able to file a habeas petition in this Court. Petitioner has not demonstrated that his mental state rendered him unable to file a direct appeal or to appeal the denial of his PCRA petition.

Furthermore, the Court finds Petitioner's claim of mental incompetence to be without merit and contradicted by the evidence of record, including the sworn, written guilty plea colloquy he completed and signed stating: "I can read and write English. I have never seen a doctor or been in a hospital for any mental problems — I can understand what is going on. I am not under the influence of drugs or alcohol. I have not taken any medicine in the last week." Petitioner asserted in his PCRA petition that he was medicated at the time of the guilty pleas; nonetheless his appointed PCRA counsel determined that his claims lacked merit and the PCRA

---

[23] Fogg v. Phelps, 414 F. App'x 420, 429-30 (3d Cir. 2011) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

[24] Murray, 477 U.S. at 494 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)) (internal quotation omitted).

court apparently agreed, as it dismissed the petition. This Court has no reason to believe that this conclusion was in error. Thus, even if the Court were to reach the merits of the Petition, Petitioner's contention that he was incompetent at the time of his guilty plea, without more, would not provide grounds for overturning his sentence.

In his "Add on Supplement Objection," Petitioner asserts that "[t]he Trial Judge failed to provide adequate notice of dismissal as mandated by State PA Rule Crim. Pro. 907."[25] Pennsylvania Rule of Criminal Procedure 907 sets forth the procedure for disposition of a petition for post-conviction relief without a hearing. It provides:

> [T]he judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice.

Here, a notice titled "Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907" was sent to Petitioner on July 21, 2010. The notice provided: "You are hereby advised that in twenty (20) days from the date of this NOTICE your request for post-conviction relief will be denied/dismissed without further proceedings. No response to this NOTICE is required. If, however, you choose to respond, your response is due within twenty calendar days of the above date." The notice further explained that PCRA counsel had determined that the issues raised in Petitioner's pro se PCRA petition were without merit and had filed a letter pursuant to

[25] Doc. No. 51 at 1.

Commonwealth v. Finley,[26] which was attached to the notice. On July 27, 2010, Petitioner filed a response to the Finley letter, demonstrating that he was aware of the possibility of dismissal. The Court concludes that Petitioner received adequate notice of dismissal and will overrule Petitioner's objection asserting that the PCRA Court failed to comply with Rule 907.

## IV. Conclusion

For the foregoing reasons, the Court will overrule Petitioner's Objections, approve and adopt the Report and Recommendation, and deny the Petition. Since Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.[27]

An appropriate Order follows.

---

[26] 550 A.2d 213 (Pa. Super. Ct. 1988).

[27] See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). Pursuant to Local Appellate Rule 22.2, at the time of a final order denying a habeas petition, a district judge is required to determine whether a certificate of appealability ("COA") should issue. A COA should not be issued unless "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (internal quotation marks omitted).